Judge Underwood,
delivered the opinion of the court.
The merits of the entries under which the parties, claim,, were settled by this court, at the Spring Term, 1813; see III Bibb, 135. Upon the return of the cause to the circuit court a survey having been executed in pursuance of the opinion of this court, a decree was rendered in 1815, requiring Trible, 'the plaintiff in error, to convey to the. ancestor of the defendants in error, two small parcels of the land in *180 controversy, wliicfr were designated by metes and bounds in the decree.
To bill by female devisees to recover lands devised to them, their husbands^ should be made co-complainonis On a bill by husband and wife to recover land devised- to the wife itmust be shown-that he is husband; otherwise, he is not entitled to costs against the defendants.
A def andan t has a right to a reversal of any judgment or decree which has been rendered against him, in favor Oi . ..CPSOUwho has fail* ed to show 'revert0in^oñtest*- J although, it may appear that the defeudant is not entitledto lhe prope -
*180 Before the execution of the decree, Fryer, the ancestor died, having left a will, by which he devised the land recoves ed to certain persons, constituting a part of the defendants in error. T; e devisees, in 1S¿7, filed their bill to compel Trible to execute the deciec of 1815.. Part of tne devisees are females, and in the bill filed by the devisees, three individuals are made' co-complainants in the character of husbands to three of the female devisees. There is no proof, that the persons thus made complainants are husbands to their male devisees. Ti.e answer admits nothing relative to tile character in which the complainants sue. On hearing, ilie court decreed the specific execution of the decree of 1815, by requiring the defendant, now plaintiff.- in error, to convey to the complainants generally, the land recove! ed by the decree of 1815. Costs were decreed against tile defendant in favor of all the complainants.
It was certainly proper to unite the husbands of the female devisees with their wive.-, as joint complainants in the bill, but it was erroneous to direct, that the conveyance should be made jointly to the husbands and other complainants. The conveyance should be made to the wives, who were devisees, leaving their husbands cut of view, and the decree should have so ordered it But, moreover, as there is no proof that those who sue as the husbands of the female devisees, arc such, it was erroneous to decree costs in their favor against the defendant. They are parties to a suit and have failed to show any right whatever; the defendant was, therefore, entitled to costs against them. These are the only errors which we discover, of which the defendant below, now plaintiff, has a right to complain. We regard it as the right of every defendant to have a reversal of the decree or judgment which may be rendered against him, in favor of a person who fails to show any right or title to the property in contest; although it may appear, that the defendant is not entitled to it.
In a contest between panics, neither having right, the maxim applies, mdiur cst conditio d-fMdmtis-. VVc had doubts, whether the failure of those suing as husbands, in right of their wives, to prove themselves entitled to sue in that character, did not defeat the whole action^ *181 bat on reflection and full consideration, we can perceiveno good reason why a decree may not be renderedin favor of the devisees, in pursuance of the will of their ancestor. In entering mch a decree, we think provision should be made for securing to the sons of the testator, double as much as the daughters get, such being the provisions of the will, under which they claim.
Monroe,, for plaintiff; Hanson, for defendants.
llie decree of the circuit court is reversed with costs, and the cause remanded, with directions to enter ti decree in conformity to this opinion. ’